UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL A. LOVE, JR., EL, )
)
        Petitioner, )
)
v. ) Cause No. 3:17-CV-248-JD-MGG
)
SUPERINTENDENT, )
)
        Respondent. )

OPINION AND ORDER

Michael A. Love, Jr., El, a prisoner proceeding without a lawyer, filed a habeas corpus petition challenging the prison disciplinary hearing (ISP 16-05-175) at the Indiana State Prison where a Disciplinary Hearing Officer (DHO) found him guilty of possession of a weapon in violation of Indiana Department of Correction (IDOC) policy A-106. ECF 1 at 1. As a result, he was sanctioned with the loss of 30 days earned credit time and was demoted from Credit Class 1 to Credit Class 2.

Love argues that he is entitled to habeas corpus relief because the DHO did not have sufficient evidence to find him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a

> modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Love was disciplined for violating IDOC A-106. This offense is defined as, "[p]ossession or use of any explosive, ammunition, hazardous chemical (e.g., acids or corrosive agents) or dangerous or deadly weapon." Indiana Department of Correction Adult Disciplinary Process, Appendix I: Offenses. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The Conduct Report charged Love as follows:

> On 5-23-16 at about 8:55AM I sgt. Reed was conducting a search in the cell of Love 158219. Under his cabinet I found a sharpened piece of metal approx.. 7" in length. This was taped.

ECF 5-1 at 1.

In this case, the DHO had sufficient evidence to find Love guilty. In particular, the statements from the reporting officer and two officer witnesses, and the photograph of the weapon discovered in his cell, serve as sufficient evidence of Love's guilt. While Love argues that the weapon belonged to a prior resident of the cell, the DHO was presented with evidence that Love had been in his cell for one month prior to the search, and that the weapon and tape appeared to be new. ECF 5-3 at 3. In light of this evidence, it was not unreasonable or arbitrary for the DHO to have found Love guilty.

Next, Love argues that he is entitled to habeas corpus relief because his requests to present evidence were improperly denied. He requested that the DHO obtain and review evidence that documented what property the prior occupant of the cell had possessed in the cell. Inmates have a

right to present relevant, exculpatory evidence in their defense. *Miller v. Duckworth*, 963 F.2d 1002, 1005 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). However, this right is significantly curtailed by the security and administrative needs of the facility. *Wolff v. McDonnell*, 418 U.S. 539, 566–67 (1974). "Prison officials must have the necessary discretion to keep the hearing within reasonable limits...." *Id.* The DHO's denial of Love's evidentiary requests did not infringe upon his due process rights because the requested evidence was not exculpatory. Pursuant to IDOC policy, an inmate is deemed to be in possession of any contraband:

> On one's person, in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control. Areas under an offender's control include, but are not limited to: the door track, window ledge, ventilation unit, plumbing and the offender's desk, cabinet/locker, shelving, storage area, bed and bedding materials in his/her housing assignment and the desk, cubicle, work station and locker in his/her work, educational or vocational assignment.

The Disciplinary Code for Adult Offenders. http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf. Love had full access and control over his cell for a month prior to the discovery of the weapon. Therefore, pursuant to IDOC policy, even if another offender had placed the weapon in his cabinet, he would still be guilty of possession. Because the requested evidence was not exculpatory, the DHO did not err in denying the request.

Love also argues that he is entitled to habeas corpus relief because he was not provided with adequate time to prepare a defense. ECF 1 at 3. Inmates are entitled to at least 24-hour's notice of the charges against them, prior to their disciplinary hearing. *See Wolff*, 418 U.S. at 564.

3

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556. Here, Love received notice of the charges against him on May 24, 2016 (ECF 5-2), and his disciplinary hearing was held eight days later, on June 1, 2016. ECF 5-3. Thus, Love's due process right to advance notice was satisfied.

Love also claims that he is entitled to habeas corpus relief because the cell search did not comply with IDOC policy. However, IDOC's failure to follow its own policy does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Thus, this claim does not entitled Love to the relief he seeks.

Love's final argument is that his cell was searched in retaliation for the habeas corpus case he filed against the Superintendent in *Love v. Superintendent*, 3:16-cv-223 (N.D.Ind. Filed Apr. 11, 2016). ECF 1 at 3. Through this claim Love attempts to collaterally attack his disciplinary conviction by claiming that the search that precipitated the discovery of the contraband was invalid or unjustified. "[P]risoners are entitled to be free from arbitrary actions of prison officials, but . . . even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999). When prisoners lose earned credit time in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in their defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of

evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). Here, each of these elements was satisfied. Thus, the allegedly unjustified search of his cell by the reporting officer does not serve as a basis for granting habeas corpus relief.

If Love wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit C*ourt, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the habeas corpus petition (ECF 1) is **DENIED**. The clerk is **DIRECTED** to enter judgment and close this case. Michael Love is **DENIED** leave to proceed in forma pauperis on appeal.

SO ORDERED.

ENTERED: October 27, 2017

/s/ JON E. DEGUILIO
Judge
United States District Judge